ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
7080 Hollywood Blvd., Suite 804
Los Angeles, CA 90028

Telephone: (323) 672 - 8281
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**BRIANNE RICO**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNE RICO**,<br><br>    Plaintiff,<br><br>    v.<br><br>**KENNETH NGUYEN, an individual**, and Does 1-10,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181** *et seq.***; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

Plaintiff Brianne Rico (hereinafter referred to as "Plaintiff"), complains of Kenneth Nguyen, an individual and Does 1-10 (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.    PARTIES

1.    Plaintiff is a California resident with physical disabilities. Plaintiff suffers from paralysis of one side of her body caused by a massive stroke. She has weakness and numbness which severely limit her ability to walk or stand. She has spasms and contortions on the fingers of her left hand. Plaintiff is mobility impaired and cannot grasp with or open her left hand. Plaintiff is qualified as being disabled pursuant to 42 USC

COMPLAINT

Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". She has been issued a Disabled Person Parking Placard by the State of California.

2. On information and belief, Plaintiff alleges that, during all relevant times alleged herein, Defendant Kenneth Nguyen was the owner and proprietor of that certain business commonly known as Kay's Nails & Spa (the "Nail Spa") located at 10582 Foothill Blvd., B130, Rancho Cucamonga, California.

3. DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

4. Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

5. Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

## II. JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities

Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA").

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs cause of action arose in this district.

### III.   FACTS

9. The Nail Spa operated by Defendants is a facility which is open to the public and is a business establishment.

10. Plaintiff visited the Nail Spa during the relevant statutory period on December 2018, to receive nail hygiene treatments, otherwise known as a manicure.

11. Defendants denied persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

12. Plaintiff encountered this denial and prevented Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

13. Manicures are among the privileges, and advantages offered by Defendants to patrons of the Nail Spa.

14. However, manicure services were denied to Plaintiff in violation of the Americans with Disabilities Act ("ADA").

15. On December 11, 2018 Plaintiff entered the Nail Spa for her pre-scheduled appointment to receive a manicure on her disabled hand. However, when she arrived she was refused a manicure by the Nail Spa personnel. Even though Plaintiff had an appointment, the Nail Spa personnel denied her service. They explained to Plaintiff that they did not wish to perform the manicure on Plaintiff's hands because her hands were too difficult to work on. The Defendants had performed the same service on that hand in the

past, however on this occasion they denied Plaintiff service.

16. The Nail Spa employee explained to Plaintiff that although they had performed a manicure in the past, they no longer wished to serve her because her disability made the manicure too difficult to perform for salon personnel. The Nail Spa personnel explained that it is within their right to refuse service to Plaintiff even if the refusal is because of a patron's disability.

17. Plaintiff was humiliated and embarrassed in front of other customers in the Nail Spa, and made to feel like a second-class citizen.

18. Plaintiff complained that this was a violation of her rights, and constituted discrimination under the law.

19. Even after her complaints, Plaintiff was refused service.

20. Plaintiff personally encountered this treatment and discrimination..

21. This refusal to serve her denied Plaintiff full and equal access and caused difficulty, humiliation and frustration.

22. The denial of service occurred during Plaintiff's visit in December 2018.

23. Plaintiff alleges that Defendants knew that the denial of service prevented access to service.

24. Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of the obstruction to equal access that she will face at Defendants' facilities that relate to Plaintiff's disabilities

25. Defendants have failed to provide access to persons with disabilities.

**IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)**

(Against All Defendants)

26. Plaintiff alleges and incorporates by reference each and every allegation

contained in all prior paragraphs of this complaint.

27. Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, operates a place of public accommodation. U.S.C. § 12182(a).

28. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of Defendant's Nail Spa during her visit and each incident of deterred visit.

29. The acts and omissions of Defendant herein are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

30. Pursuant to the ADA discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodation to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

31. The ADA also requires reasonable modification in policies, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

32. Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Nail Spa when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

33. Plaintiff seeks a finding from this Court that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

34. 32.34. Here the Defendants' failure to make sure that accessible facilities

services were available and ready to be used by the Plaintiff is a violation of law. Plaintiff would like to continue to frequent Defendants' Nail Spa because it is geographically close to her home and she needs the manicures, but Plaintiff has been discriminated against and continues to be discriminated against because of the lack of service being offered.

34.36. Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with the state and federal access disabilities laws for failure to provide full and equal access to services all the access violations that exist at the Nail Spa.

**V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT (Cal. Civ. Code § 51-53.)**

(Against All Defendants)

35. Plaintiff repleads and incorporates by reference, as fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. California Civil Code § 51 states, in part: All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

37. California Civil Code § 51 also states, in part: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

38. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

39. The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act. Cal Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

40. Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff rights to full and equal use of the accommodations, advantages, facilities, privileges and services they offer, on the basis of Plaintiff's disability.

41. Defendants' above-mentioned acts and omissions have also violated the

Unruh Act by denying Plaintiff rights to equal access pursuant to the ADA and are liable for damages. (Civ. Code § 51(f), 52(a)).

42. Because violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are also each responsible for statutory damages, such as a civil penalty. (Civ. Code § 52).

43. Plaintiff was actually damaged.

44. Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans for Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.

2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

DATED: January 9, 2019                THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:   /s/ Peter Shahriari, Esq.
PETER SHAHRIARI, ESQ.
Attorneys for Plaintiff Brianne Rico